# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TOBIAS DESHAWN McKAY, <br> BOP Prisoner No. 17506-003, <br>     Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA <br>     Respondent. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:20-00286-WS-N <br> ) <br> ) <br> ) CRIMINAL NO. 1:19-00041-WS-N <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Tobias Deshawn McKay, a federal prisoner proceeding without counsel (*pro se*), filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 50)[1] challenging the Court's judgment entered against him in the above-styled criminal action. (Doc. 41). McKay certifies delivery of his motion on May 21, 2020.[2] (Doc. 50, PageID.190). McKay's motion was referred to the undersigned Magistrate Judge for appropriate action pursuant to S.D. Ala. GenLR 72(b); (electronic reference 5/26/2020).[3] Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** McKay's § 2255 motion be **DISMISSED with prejudice**.

---

[1] All "Doc." citations herein refer to the docket of the above-noted criminal action.

[2] Under the prison mailbox rule, court filings by pro se inmates are deemed filed on the date delivered to prison authorities for mailing. *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[3] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## I. *Procedural History*

On April 14, 2019, McKay entered into a guilty plea agreement with the government on three counts alleged against him: (1) possession of cocaine with intent to distribute (21 U.S.C. § 846), (2) possession of a firearm by a felon (18 U.S.C. § 922(g)(1)), and (3) using, carrying or possessing a firearm in furtherance of and/or in relation to a drug trafficking felony (18 U.S.C. § 924(c)(1)(A)). (Doc. 31). Judgment was entered against McKay on September 10, 2019, and he was sentenced to 322 months' imprisonment plus eight years of supervised release with conditions. (Doc. 41). McKay appealed to the Eleventh Circuit Court of Appeals, though his appeal was dismissed on November 27, 2019, for failure to prosecute. (Docs. 44-46, 48). *See USA v. Tobias McKay*, USCA 11 Dkt. 19-13810-B (11th Cir. 2019).

On May 21, 2020, McKay filed the present § 2255 motion, along with a memorandum in support. (Docs. 50, 50-1). On preliminary review of McKay's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"), the undersigned found dismissal was not plainly warranted, and in an order dated August 31, 2020, instructed the government to file and serve an answer, motion or other appropriate response by October 30, 2020. (Doc. 51, PageID.216). Pursuant to Rule 5(d) of the § 2255 Rules, McKay was also given 40 days (from receipt of the government's response) to file any reply. (*Id*.). The transcript from McKay's plea hearing was entered into the record on October 8, 2020 (Doc. 53), and the government filed a timely response in opposition to McKay's § 2255 motion on October 30, 2020. (Doc. 54). McKay did not file a reply, nor has he filed

anything further with the Court. McKay's § 2255 motion now fully briefed and ripe for disposition and/or further development under the § 2255 Rules.

## II.   *Legal Standard*

Pursuant to 28 U.S.C. § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. This statute permits collateral challenges in four circumstances: (1) the imposed sentence violated the Constitution or laws of the United States, (2) the Court exceeded its jurisdiction to impose the sentence, (3) the imposed sentence exceeded the maximum authorized by law, or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

However, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (citations omitted). Accordingly, "general rules have developed that: (1) a defendant must assert all available claims on direct appeal, and (2) relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id*. (citations and quotations omitted).

This first general rule is commonly known as procedural default (not to be conflated with the procedural bar), which "is neither statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). The procedural default rule "applies to all

3

claims, including constitutional claims," and "the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all." *Lynn*, 365 F.3d at 1234-35 (citations omitted). As the Eleventh Circuit recently clarified:

> The terms "procedurally barred" and "procedurally defaulted" have distinct meanings. A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and we rejected on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (collecting cases) … By contrast, a "procedural default" occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. *Id.*

*Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022). *See McKay*, 657 F.3d at 1196 (noting procedural default can be excused if either exception applies).

Under the "cause and prejudice" exception, a movant may overcome procedural default "by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *McKay*, 657 F.3d at 1196. To show cause, "a defendant must prove that some objective factor external to the defense impeded (*sic*.) efforts to raise the claim previously." *Lynn*, 365 F.3d at 1235, n.20 (internal quotations and citation omitted). This cause must also result in "actual prejudice" – that is, it must have "worked to his actual and substantial disadvantage." *Lomelo v. United States*, 891 F.2d 1512, 1515-16 (11th Cir. 1990).

4

The "actual innocence" exception means exactly what it says. *See McKay*, 657 F.3d at 1196 (citation omitted) (explaining "movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself."). This narrow exception permits a court to allow defendants to proceed under § 2255 "despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1235-36 (citations and internal quotation omitted). Actual innocence in this context – whether applied to the crime itself or the associated sentence – "means factual innocence, not mere legal insufficiency." *McKay*, 657 F.3d at 1197-98 (citations omitted).

### III. *Analysis*

McKay's § 2255 motion raises two primary grounds for reversal of his conviction and sentence. First, he argues his plea was not knowing and intelligent, therefore in violation of Fed. R. Crim. Pro. 11. (Docs. 50, 50-1).[4] Second, McKay argues his conviction on counts two and three should be invalidated in light of the decision in *Rehaif v. United States*, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). (*Id*.). The government's response opposes reversal and/or vacatur of McKay's conviction and sentence, arguing it is not warranted because his arguments are: (1) procedurally defaulted, (2) otherwise meritless and (3) not impacted by *Rehaif*. (Doc. 54).

---

[4] McKay's statement that "no one, not his court appointed counsel, the Prosecutor, nor this Honorable Court advised the Petitioner…" of the consequences of his guilty plea implicitly asserts an ineffective assistance of counsel argument, which the undersigned will address herein. (Doc. 50-1, PageID196).

5

**A. Procedural Default**

Because procedural default is a threshold issue, *Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1228 (11th Cir. 2009) (citation omitted), the undersigned first addresses whether the arguments in McKay's motion are procedurally defaulted.

Typically, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay*, 657 F.3d at 1196. In the present case, McKay directly appealed his sentence and conviction to the Eleventh Circuit; however, his appeal was dismissed for failure to prosecute. (Doc. 50, PageID.181). Thus, because McKay did not raise the arguments presented in his § 2255 motion on direct appeal when provided the opportunity to do so, those arguments are procedurally defaulted here. *Accord. Seabrooks*, 32 F.4th at 1383-84 (citing *McKay*, 657 F.3d at 1196) ("If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused."). The government has asserted procedural default as a defense in its response brief. (Doc. 54). Thus, the Court must determine whether McKay has shown that one of the procedural default exceptions applies to his claims.

   *1. Cause and Prejudice*

Under this exception, "a § 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal <u>and</u> actual prejudice from the alleged error.'" *McKay*, 657 F.3d at 1196 (citation omitted) (alterations in original). Generally, if a movant does not argue that an exception

6

applies, it need not be addressed. *See id*. And initially, the undersigned notes that McKay makes no explicit showing of cause and prejudice. However, the undersigned liberally construes McKay's § 2255 motion as implicitly asserting an ineffective assistance of counsel ("IAC") claim with regard to his guilty plea.[5]

To prevail on an IAC claim, a defendant must establish: (1) that "counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defendant." *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). McKay's only assertion that alleges a potential error on the part of counsel is his argument that counsel did not inform him that a guilty plea to weapons-related charges would result in ineligibility for prison rehabilitation programs such as the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and similar programs enacted under the First Step Act. (*See* Doc. 50-1, PageID.196-97). McKay further states, that had he known of these consequences, "he would have insisted that counsel try to negotiate a better deal…" (Doc. 50-1, PageID.196).

McKay styles eligibility for these programs as "liberty interests," but they are decidedly not. *Accord. Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000). As the *Cook* Court explained:

---

[5] McKay's implicit ineffective assistance of counsel argument arises from his statement that "no one, not his court appointed counsel, the Prosecutor, nor this Honorable Court advised the Petitioner that…" pleading to weapons-related charges would result in collateral consequences of ineligibility for the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and similar programs enacted under the First Step Act. (Doc. 50-1, PageID.196). McKay further asserts "he would have insisted that counsel try to negotiate a better deal" had he been informed of these consequences. (*Id.*).

7

> In order to establish a violation of the Due Process Clause, a petitioner must have been deprived of a liberty or property interest protected under the Fifth Amendment. *See American Mfrs. Ins. Co. v. Sullivan,* 526 U.S. 40, 59, 119 S. Ct. 977, 989, 143 L. Ed. 2d 130 (1999). A prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 7, 99 S. Ct. 2100, 2103-04, 60 L. Ed. 2d 668 (1979). More particularly, if the relevant statute "places no substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S. Ct. 1741, 1747, 75 L. Ed. 2d 813 (1983); *see also Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir.1991) (concluding no liberty interest arose from possibility of discretionary grant of incentive good time).

*Id.* Pursuant to 18 U.S.C. § 3621(e)(2)(B), a prisoner who successfully completes a treatment program – such as RDAP – "may" be eligible for a sentence reduction of no more than one year. Thus, "because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest." *Cook*, 208 F.3d at 1323 (citations omitted).

Therefore, to the extent McKay implicitly argues his counsel was ineffective for failing to inform him of the potential collateral consequence of ineligibility for RDAP programs, he fails to establish a claim under *Strickland*.[6] *See United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985) (explaining "counsel's failure to advise the defendant of collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance."). Without any further detail or explanation, the bare allegation that "he would have insisted that counsel try to negotiate a better deal," (Doc. 50-1, PageID.196-97), is not sufficient to establish prejudice under

---

[6] Moreover, Plaintiff makes no assertion in either his § 2255 motion or memorandum that counsel's representation "fell below an objective standard of reasonableness" as required under the first prong of the *Strickland* test. 466 U.S. at 688.

*Strickland*, and accordingly, insufficient to establish cause and prejudice to overcome his procedural default.

### 2. *Actual Innocence*

As to actual innocence, which "means factual innocence, not mere legal insufficiency," *McKay*, 657 F.3d at 1197-98 (citations omitted), Plaintiff's only argument is his *Rehaif* claim. (Doc. 50-1, PageID.199-213). However, as the government notes, McKay does not assert in his § 2255 motion that he lacked knowledge of his status as a felon. (Doc. 54, PageID.242). Instead, McKay's argument on this point rests solely on the words of the *Rehaif* Court, with his § 2255 motion simply reproducing several passages from that case before concluding that his sentence must be vacated in light of it. (*Id.*). However, "[a] *Rehaif* error, without more, does not establish actual innocence." *Wilson v. United States*, 2021 U.S. Dist. LEXIS 245654, *7 (S.D. Ala. 2021) (citations omitted). Therefore, McKay's invocation and reproduction of passages from that case, with little to no original argument in support, cannot establish actual innocence nor excuse his procedural default.

## B. Merits Review

Though McKay cannot overcome his procedural default by establishing "cause and prejudice" or "actual innocence," the undersigned will briefly address the merits of McKay's Rule 11 and *Rehaif* arguments.

### 1. *McKay's Plea Did Not Violate Rule 11*

McKay first attacks his conviction by asserting his plea violated Rule 11. (Doc. 50, PageID.153; Doc. 50-1, PageID.196-99). Fed. R. Crim. P. 11. As the Eleventh

9

Circuit has explained, "a guilty plea involves the waiver of a number of defendant's constitutional rights, and must therefore be made knowing and voluntarily to satisfy the requirements of due process." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (citations omitted). A guilty plea is constitutionally voluntary when a defendant "receive[s] real notice of the true nature of charge against him." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018) (citation and quotation omitted). To ensure this standard is met, Rule 11 "imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v. Lundi*, 2022 U.S. App. LEXIS 25556, *3-4 (11th Cir. 2022) (per curiam).

This inquiry – known as a plea colloquy – must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Moriarty*, 429 U.S. at 1019 (citation omitted). While a district court's failure to address any of these core principles may warrant reversal, "any variances or deviations … that do not affect a defendant's substantial rights constitute harmless error." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949-50 (11th Cir. 2000).

McKay's argument that his plea was not knowingly and intelligently entered into is based upon the third core element of Rule 11: the consequences of his guilty plea. Specifically, he states he was not informed by anyone – including counsel – that a guilty plea to weapons-related charges would result in ineligibility for the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") and similar programs enacted

under the First Step Act. (*See* Doc. 50-1, PageID.196-97). McKay argues these programs "entail a liberty interest," because completion of them could result in a sentence reduction, and asserts "he would have insisted that counsel try to negotiate a better deal" had he known of these consequences. (Doc. 50-1, PageID.196-97).

In making his argument, McKay primarily focuses on the court, stating, "the court was obligated to advise the defendant of the denial of a liberty interest[] in participating in rehabilitation programs…" and further adding that "the Court failed to inform the Petitioner that because of the weapons conviction, Petitioner would be denied a liberty interest was available to other defendants that did not have a weapons conviction." (Doc. 50-1, PageID.196, 198). To support his position, McKay points the undersigned to *Durant v. United States*, 410 F.2d 689 (1st Cir. 1969), large portions of which are reproduced verbatim in his argument as McKay seeks to draw comparison between the First Circuit's holding in that case and his own situation.

McKay's invocation of *Durant* is not persuasive for several reasons – chief among them is the fact that *Durant's* primary holding was subsequently abrogated by the Sentencing Reform Act of 1984, Pub. L. 98-473, which did away with the federal parole system altogether. *See Walden v. United States Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997) (describing abolition of federal parole system). Moreover, even at the time of *Durant's* holding, the former Fifth Circuit had reached a contrary conclusion on the same question of law.[7] *See Trujillo v. United States*, 377

---

[7] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

F.2d 266, 267 (5th Cir. 1967) (holding defendant need not be advised of the unavailability of parole for guilty plea to comply with Rule 11).

Further, it is well settled that "Rule 11 does not require a sentencing court to inform a defendant of every possible consequence of his plea." *Holmes v. United States*, 876 F.2d 1545, 1548 (11th Cir. 1989). Rather, Rule 11 "requires only that the court inform a defendant of the direct consequences of a guilty plea; the court need not explain the possible collateral consequences." *Id*. (citations omitted). *See Torrey v. Estelle*, 842 F.2d 234, 236 (9th Cir. 1988) (collecting cases that describe direct vs. collateral consequences of a plea). The transcript of McKay's plea hearing demonstrates each of Rule 11's core principles – including the direct consequences of a guilty plea – were covered during the hearing, as were several consequences that are best described as collateral, and McKay responded that he understood those consequences. (*See* Doc. 53, PageID.221-224). Additionally, as discussed above, there is no cognizable liberty interest in eligibility for or access to prison rehabilitation programs which, upon completion, may result in a reduced sentence. *Accord. Cook*, 208 F.3d at 1322-23.

In sum, the undersigned concludes McKay's plea was entered into in accordance with the requirements of Rule 11. Neither the Court, nor Plaintiff's counsel, was constitutionally obligated to inform McKay of each and every possible collateral consequence resulting from a guilty plea, and therefore, McKay's argument on this point is meritless.

*2. Rehaif Does Not Affect McKay's Conviction and Sentence*

McKay's second argument invokes the Supreme Court's decision in *Rehaif*. Put simply, *Rehaif* held that in a prosecution under §§ 922(g) or 924(a)(2), the government must prove both that (1) the defendant knew he possessed a firearm, and (2) that he belonged to a category of persons prohibited from doing so. McKay's challenge here deals with the second element. However, his argument rests solely on the words of the *Rehaif* Court, as he merely reproduces passages from the case before concluding in his own words that his sentence must be vacated on account of its holding. (Doc. 50-1, PageID.199-213). The government's opposition response argues that even in light of *Rehaif*, McKay's sentence does not warrant reversal, and offers several reasons for this position. (Doc. 54, PageID.241-44).

First, the government contends *Rehaif* has no impact on McKay's count three conviction under 18 U.S.C. § 924(c). The government is correct. *Rehaif* concerned the meaning of the term "knowingly" as used in 18 U.S.C. §§ 922(g) and 924(a)(2). McKay's count three conviction under § 924(c) does not require this same type of knowledge. Rather, this statute penalizes the using, carrying or possessing of a firearm in furtherance of or in relation to a drug trafficking felony. As the government points out, McKay admits in his signed plea agreement that he "brought the guns, cash and jewelry to purchase two kilograms of cocaine." (Doc. 31, PageID.97). Accordingly, any *Rehaif* challenge to count three of McKay's conviction plainly fails.

Next, the government argues that reversal/vacatur is not warranted on count two because McKay's claim of error does not raise "grave doubt that the error had a

substantial and injurious effect or influence on the outcome of the proceedings." (Doc. 54, PageID.242 (citing *Ross v. United States*, 289 F.3d 677, 683 (11th Cir. 2002))). To establish this point, the government points to McKay's final presentence investigation report, which indicates that McKay has two prior felony convictions. (Doc. 35, PageID.124-127). Based on his criminal history, the government argues "McKay could not have possibly denied knowledge of his prior felony convictions," and points the undersigned to *United States v. Brown*, 2019 WL 5967957, *2 (S.D. Ala. Nov. 13, 2019). (Doc. 54, PageID.243) (internal quotations omitted).

In *Brown*, the District Court explained: "While the indictment did not expressly charge that the defendant knew he was a felon, and while the defendant at his plea hearing did not expressly admit he knew he was a felon, he could not possibly have denied such knowledge…" based on prior convictions and imprisonment. *Id*. The Supreme Court has similarly suggested that prior convictions and/or imprisonment makes it challenging for a defendant to argue that he did not know he was a felon even when subject to the less-demanding plain error standard. *See Greer v. United States*, 141 S. Ct. 2090, 2097, 210 L. Ed. 2d 121, 128 (2021) ("If a person is a felon, he ordinarily knows he is a felon… [t]hat simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that defendant *knew* he was a felon based on the fact that he *was* a felon.") (emphasis in original).

The premise explained by the district court in *Brown* is similarly true in McKay's case. McKay stipulated to his prior felony convictions in his signed plea agreement. (Doc. 31, PageID.98). This belies any assertion that he did not know of

14

his felon status.[8] Accordingly, any *Rehaif* error in his case lacked the "substantial and injurious effect or influence," necessary to reverse and/or vacate his conviction and sentence, and a reasonably jury would conclude the same.

## IV. *Certificate of Appealability*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon due consideration, the undersigned **RECOMMENDS** McKay be **DENIED** a Certificate of Appealability in conjunction with the denial of his present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion

---

[8] Moreover, as previously noted and pointed out by the Government, McKay does not actually assert in his § 2255 motion that he lacked knowledge of his status as a felon. (*See* Doc. 54, PageID.242).

15

should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[9]

## V. *Appeal* In Forma Pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court **CERTIFY** that any appeal by McKay of the denial of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[10]

---

[9] If the Court adopts the undersigned's recommendation to decline to issue a COA, he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts.

[10] McKay may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## VI. *Conclusion*

Upon consideration, and for the reasons stated herein, the undersigned finds McKay's claims are procedurally defaulted, and McKay has not provided any basis to warrant expansion of the record or an evidentiary hearing under Rules 7 and 8 of the § 2255 Rules. Accordingly, the undersigned **RECOMMENDS** McKay's § 2255 motion be **DISMISSED with prejudice**. Further, the undersigned **RECOMMENDS** McKay be **DENIED** a Certificate of Appealability and the Court **CERTIFY** any appeal of the present denial of his § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of February 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**